THE STATE v. D. W. SNOW.

ASSAULT UPON UNKNOWN PARTY.—In an indictment for assault and battery, where the injured party is unknown, it is sufficient to charge that the assault was made upon a certain person to the grand jurors unknown.

APPEAL from Kaufman. Tried below before the Hon. M. H. Bonner.

*George W. Smith,* for the State.

ROBERTS, CHIEF JUSTICE.—The indictment charges an assault and battery "upon the person of an Irishman, whose name is to the grand jurors unknown, in the town of Cedar Grove in said county."

There were several grounds of exception taken to the indictment, none of which it is deemed necessary to refer to, except that relating to that part of the indictment above quoted, it being as follows:

"Because the name of the party charged to have been

assaulted is not stated in said indictment, nor is there any description of said party contained therein."

Our Code of Criminal Procedure, in prescribing the requisites of an indictment, is silent on this subject, as to the name of the party assaulted, except so far as it may be embraced in that clause which requires that the offense must be set forth in plain and intelligible words." (Pas. Dig., art. 2863, (395.)

The same article makes express provision as to the name of the party accused, by prescribing that "it must contain the name of the accused, or state that his name is unknown." That express provision furnishes the nearest analogy that is to be found in the code from which to deduce the rule as applicable to this case, and which seems to have been acted on in framing this indictment.

In complying with the requirement of the code, to set forth the offense it involves the necessity of designating both the accused and the injured party in some such way as will identify them, when practicable to do so; and this necessity is practically much greater often in reference to the name of the party accused than that of the party injured.

Upon reference to authorities, we find it laid down as the general rule that the name of the injured party must be stated. This rule, however, is subject to exceptions, one of which is where the name is unknown.

" There are, indeed, some cases in which the names of third persons cannot be ascertained, in which it is sufficient to state " a certain person or persons to the jurors unknown." (1 Chit. Cr. Law, 212.)

In the same connection it is said that " wherever the name of the party injured is known, it is absolutely necessary to insert it. Thus, in an indictment for larceny, though the goods may be said to be the property of 'persons unknown,' if that is actually the case, yet if the owner be really known, the allegation will be improper, and the

prisoner must be discharged from that indictment, and tried on a new one rectifying the mistake." (Ib., 213; also 1 Arch. Cr. Plead., 124, note.)

This has been qualified as follows: " Where third persons cannot be described by name, it is enough to charge them as a ' certain person or persons to the jurors aforesaid unknown,' which is correct, if the party is at the time of the indictment unknown, though he become known afterwards." (Whart. Am. Cr. Law, 251, referring to Commonwealth *v.* Hendrie, 2 Gray, Mass., 503.)

This will suffice to show the current of authority in support of the correctness of the indictment in this case.

We are of opinion that the court erred in setting aside the indictment as defective.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.