### CAROLINE RANCH *v.* THE STATE.

1. AGGRAVATED ASSAULT — INDICTMENT. — To the general rule that the indictment must set out the name of the person assaulted, there is but one exception, and that is when the name is to the grand jurors unknown; which fact must be averred.

2. PRACTICE. — The indictment charges the assault to have been made upon "the wife of T. B," but does not aver that the name is unknown. On a motion in arrest of judgment, the defendant objected that the indictment is fatally defective because it does not set out the name of the person assaulted. It is urged by the State that this defect is cured by the verdict, and should have been raised by a motion to quash. *Held*, that the defect is not only formal, but substantial, and may be taken advantage of by motion in arrest of judgment. "A motion in arrest of judgment shall be granted upon any ground which would be a good exception to an indictment or information, for any substantial defect therein."

APPEAL, from the County Court of DeWitt. Tried below before the Hon. O. L. THRELKILL, County Judge.

The indictment fails to set out the name of the party assaulted, beyond charging that she was the wife of Thaddeus Bunker, and does not aver that her name is to the grand jurors unknown.

*W. R. Friend,* for the appellant.

*W. B. Dunham,* Assistant Attorney-General, for the State.

WINKLER, J.    The appellant was charged by indictment, tried, and convicted of an aggravated assault.    A motion was made in arrest of judgment, which was overruled; and this appeal is prosecuted.

One ground of the motion in arrest of judgment is set out as follows : " The name of the party injured is not set forth or contained in the indictment."    The ruling of the court on the motion is assigned as error.    The indictment charges that the accused, stating time and place, " did then and there, with force and arms, commit an assault upon the body of the wife of Thaddeus Bunker ; " and, after averring circumstances of aggravation, the indictment states, " did then and there strike and wound the said wife of said Bunker with a large piece of wood, being then and there a deadly weapon ; against," etc.

The general rule is, that in indictments or informations for offences of this character the name of the person upon whom the assault is charged must be stated in the indictment or information.

" The indictment must state the facts of the crime with as much certainty as the nature of the case will admit." 1 Bishop's Cr. Proc., sec. 494, and authorities referred to in note 5.    The offence must be set forth in plain and intelligible words.    Code Cr. Proc., art. 395, clause 7 ; art. 403, clause 7 (Pasc. Dig., arts. 2863, 2870).

To this general rule we know of but one exception, and that is where the name of the injured party is unknown. In such case it is sufficient to state that fact.

There is nothing in the record before us to show that the name of the assaulted party was not known to the grand

jurors, nor does the indictment state that her name is unknown to them. It does not appear that there was any reason or excuse given for failing to state plainly the name of the person upon whom the assault is charged to have been committed. The omission to so charge would have been cured if it had been averred in the indictment that her name was to the grand jurors unknown, if such had been the fact. *The State* v. *Snow*, 41 Texas, 596.

It is urged on behalf of the State, that the defect in the indictment is such as is cured by the verdict, and should have been raised on motion to quash. We are of opinion, upon an examination of authorities cited, that they do not support the position to the extent claimed. The defect in the indictment, we are of opinion, is not merely a formal, but a substantial one, which may be taken advantage of by motion in arrest of judgment. The Code provides: "A motion in arrest of judgment shall be granted upon any ground which would be good upon exception to an indictment or information, for any substantial defect therein." Code Cr. Proc., art. 678 (Pasc. Dig., art. 3143).

Because of a substantial defect in the indictment, of which advantage was taken in the proper manner and in due time, the judgment is reversed and this prosecution is dismissed.
*Reversed and dismissed.*